Petition for Writ of Mandamus
Denied and Memorandum Opinion filed July 7, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00544-CV

____________

 

IN RE CYPRESS TEXAS LLOYDS, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

11th District Court

Harris County, Texas

Trial Court Cause No. 2010-02132

 

 

 



M E M O R
A N D U M   O P I N I O N

            This proceeding arises from a dispute over the amount of the
covered loss under a homeowner’s insurance policy.  On June 24, 2011, relator Cypress
Texas Lloyds, filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code § 22.221; see also Tex. R. App. P. 52.  In its petition,
Cypress Texas Lloyds asks this court to compel the respondent, the Honorable
Mike Miller, presiding judge of the 11th District Court of Harris County, to
abate the underlying proceedings until an appraisal to determine the amount of
the covered loss has been completed.  We deny the requested relief.

            Less than a month after Hurricane Ike damaged their home,
Gustavo and Monica Martinez, the real parties in interest, filed a homeowners’
insurance claim with Cypress Texas Lloyds.  On November 28, 2008, Cypress Texas
paid the Martinezes for the covered damages.  On January 13, 2010, the
Martinezes filed suit, but failed to serve Cypress Texas until September 7,
2010.  Upon being served, Cypress Texas invoked appraisal and requested
abatement of the case until appraisal was completed.  On June 17, 2011, the
trial court signed an order granting the motion to compel appraisal, but
denying the motion to abate the litigation pending appraisal.

            Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles, when there is no other adequate remedy by law.  See Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).

            Recently,
the Supreme Court of Texas confirmed that mandamus will not lie regarding the
grant or denial of a motion to abate under these circumstances.  Specifically
addressing a motion to abate for an insurance appraisal, the court held that
“[t]he trial court’s failure to grant the motion to abate is not subject to
mandamus, and the proceedings need not be abated while the appraisal goes
forward.”  In re Universal Underwriters of Texas Ins. Co., No. 10-0238,
2011 WL 1713278, *7 n. 5 (Tex. May 6, 2011); see also See In re Liberty
Mutual Group, Inc., No. 14-11-00310-CV; 2011 WL 2149482 (Tex. App.—Houston
[14th Dist.] May 26, 2011, orig. proceeding) (memo. op.).

Accordingly, we deny Cypress Texas Lloyds’ petition for writ
of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Frost and McCally.